[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Nature of Case and Procedural Background
On November 17, 1993, the plaintiff, William R. Donaldson, filed an application with the Madison Zoning Board of Appeals. The form for applications with the Madison ZBA in question 1 provided:
"Type of Application. CT Page 10664
 Appeal from decision of Zoning Enforcement Officer.
Request for variance from zoning regulations.
Substitution of nonconforming use."
In his application the plaintiff showed all three types of applications as "N/A" and wrote in the following: "Special Permit under § 13.3.2, 2.11 for construction of garage."
Following a public hearing on January 4, 1994, the Madison Zoning Board of Appeals denied the application because it concluded that:
 ". . . it does not have the jurisdiction to hear a special exception permit under the regulations as a whole."
The plaintiff has appealed that conclusion to this court.
Aggrievement
The evidence was sufficient for the court to find that the plaintiff is the owner of the property involved in the application and is aggrieved.
Facts
On October 19, 1992, the plaintiff had submitted a previous application to the Madison Zoning Board of Appeals in which he had checked off that he was requesting a variance in order to build a garage on his property. That request for a variance was denied by the Zoning Board of Appeals on the finding that there was no showing of hardship to support the granting of a variance. The administrative action therein involved was appealed to the Superior Court for the Judicial District of New Haven and in a Memorandum of Decision dated November 10, 1993, the court (Zoarski, J.) in Docket #CV92-0341213 concluded as follows:
 "This court determines that the Board was required to treat the plaintiff's application as a variance application, and therefore the plaintiff's appeal must be dismissed. The CT Page 10665 Board's decision to reject the application was based on the failure of the plaintiff to show hardship (R.O.R., Exh. 6, page 5). The Board's reason is supported by the record. Even the plaintiff admitted his inability to satisfy the necessary element of hardship to support a variance application. . . . The board acted under the impression that the plaintiff applied for a variance. The board's articulated reasoning was that the failure to show a hardship warranted the denial of such variance. The board did not consider the propriety of the plaintiff's claims under §§ 2.11 and 13.3.2."
Section 13.3.2 of the Madison Regulations allows the Zoning Board of Appeals
 ". . . to hear and decide all matters upon which it is required to pass by the specific terms of these regulations."
 Discussion
The problem facing the court in the instant appeal centers on § 2.11 of the Madison Zoning Regulations. That section provides:
 "Existing Lots. Nothing in these regulations shall prevent the construction of a permitted building or establishment of a permitted use on a lot which, at the time of the adoption of these regulations and also at the time of construction, was owned separately from any adjoining lot as evidenced by deed recorded in the land records of the Town of Madison, provided that the lot contains an area of not less than 4,000 square feet and a width of not less than 40 feet and provided that any reduction in required yards shall have been approved by the Zoning Board of Appeals, or on a lot in an approved subdivision."
The plaintiff generally comes within the parameters of § 2.11. The plaintiff is attempting to obtain the approval of the Zoning Board of Appeals for the construction of a building. The CT Page 10666 plaintiff appears to argue that there are only three types of actions which are referred to the Zoning Board of Appeals. Relying on § 8-2 of the General Statutes, the plaintiff argues that the ZBA has jurisdiction (1) over questions of interpretation by the enforcement officer, (2) to grant special permits, and (3) to grant variances. The plaintiff then argues that this is not a request for an interpretation and it is not a variance, therefore it must be an application for a special permit. The plaintiff further argues that Judge Zoarski in the earlier opinion in this dispute determined that this was not a variance and therefore it must be a special permit. As this court reads Judge Zoarski's opinion, Judge Zoarski determined that the only notice given in the earlier application was for a variance and therefore he must treat the matter as a variance request. Absent a showing of sufficient hardship, the plaintiff was not entitled to a variance and his appeal was dismissed. The court finds nothing in Judge Zoarski's opinion which supports the conclusion that an application under § 2.11 of the Madison Regulations is an application for a special permit.
The court does find that in accordance with § 4.2 of the Madison Zoning Regulations, written applications for a special permit shall be made to the "Planning and Zoning Commission". [emphasis added]. Thus, notwithstanding the fact that § 8-2 would allow applications for special permits to be made to the ZBA, it appears that in Madison the authority to issue special permits has been retained by the Planning and Zoning Commission.
The court agrees with the Town's position that if the Zoning Commission had intended § 2.11 to be a special permit provision, it would have been required to establish standards for the Zoning Board of Appeals to follow. The Supreme Court has held:
 "In order to be binding, however, it is necessary that the statute declare a legislative policy, establish primary standards for carrying it out or lay down an intelligible principle to which the administrative body must conform, with a proper regard for the protection of the public interest and in such degree of certainty as the nature of, the cases permit. [citations omitted]."
Harvey v. Zoning Board of Appeals, Town of Greenwich, 18 Conn. Sup. 43,45 (1952).
The Town argues that the plaintiff's application in the CT Page 10667 instant case is for a variance. The plaintiff argues that his application is for a special permit. The court is not entirely convinced that the dichotomy between variance and special permit is useful in the instant case. The real argument between the plaintiff and the town in the instant case is whether or not an approval under § 2.11 of the Regulations requires a demonstration of hardship. Judge Zoarski has held that if one styles an application under § 2.11 a variance, then one must show hardship. The Town takes the position that a § 2.11 application is a variance application requiring a showing of hardship. The Town does concede in its brief, referring to what both parties caption the Rossberg
case, that § 2.11 of the Madison Regulations aids an applicant in establishing that a hardship exists. Discussing Rossberg, the Town's brief in this case, at page 4, concludes:
 "Upon remand, the applicant's attorney claimed automatic hardship because of the application of § 2.11 and after reconsideration, the Zoning Board of Appeals granted a variance for the construction of a house on the subject lot. This concept of § 2.11 as evidence of hardship remains the policy of the defendant board."
At the present time this court is not faced with a declaratory judgment on the question whether or not § 2.11 requires a showing of hardship. The court is faced with an administrative appeal in which the Zoning Board of Appeals of the Town of Madison has ruled that it has no jurisdiction to consider special permits. The court agrees with the Town that § 2.11, absent precise standards, cannot be the basis for a special permit. More importantly, the court agrees with the Town that special permits in Madison are controlled by the Planning and Zoning Commission and not by the Zoning Board of Appeals. Accordingly, the appeal is dismissed.
The questions of whether § 2.11 require a showing of hardship and the extent to which the Town's policy that § 2.11 is evidence of hardship, are not before the court at this time.
THE COURT:
BY: KEVIN E. BOOTH, JUDGE CT Page 10668